IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIFFANY HARRIS AND AMBROSE LEE,
Individually and as personal representatives of
Gabriel Lee, deceased,

    Plaintiffs,

vs.                                                                                              Civ. No. 06-0412 JP/KBM

UNITED STATES OF AMERICA

    Defendant.

## MEMORANDUM OPINION AND ORDER

On March 30, 2007, the Defendant filed a Motion to Preclude Testimony by Plaintiffs' Economic Expert Regarding Computation of Hedonic Damages, and Supporting Memorandum of Law (Doc. No. 33)("Defendant's Motion").  Having considered the briefs and supporting exhibits and having heard the arguments of counsel at the May 24, 2007 Pretrial Conference, the Court concludes that the Defendant's Motion should be granted.

**A.**     **Background**

The Plaintiffs in this case have retained Dr. Brian McDonald as an economics expert witness to testify about the several categories of damages to which the Plaintiffs allege they are entitled.  One of Dr. McDonald's proposed areas of testimony concerns loss of enjoyment of life or hedonic damages.  Dr. McDonald states in his Fed. R. Civ. P. 26 ("Rule 26") report that " the purpose of [his] testimony regarding loss of enjoyment of life damages will be to provide an interpretation of the meaning of loss of enjoyment damages and to present the results from well accepted, peer-reviewed economic research on the dollar value of a statistical life."  Dr.

1

McDonald's Rule 26 Report at 4 (Defendant's Motion, Ex. B).  Nonetheless, Dr. McDonald calculated for the Plaintiffs' decedent "*as a guideline only*, the present value of *each* $50,000 per year in loss of enjoyment of life as $1,878,487 from the date of his death through his normal life expectancy." *Id.* (emphasis in original).  Dr. McDonald asserts that the loss of enjoyment of life figure derived from the hypothetical benchmark of $50,000 per year does not represent an opinion as to the specific dollar amount of such loss but rather provides a representative figure on which the Court can base its ultimate calculation of any potential hedonic damages.

**B.     Admissibility of Dr. McDonald's Testimony Concerning Hedonic Damages under *Daubert***

The Defendant argues that Dr. McDonald's testimony concerning hedonic damages, and specifically the hypothetical benchmark about which he proposes to testify, should be excluded as unreliable under the standards of Fed. R. Evid. 702 ("Rule 702") and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  The Plaintiffs respond that Dr. McDonald's testimony is reliable as it employs generally accepted arithmetic that will simplify the Court's determination of present value for any potential hedonic damages.

Rule 702 governs the admissibility of expert witness testimony.  In applying this rule, the Court serves as a "gatekeeper" to ensure the relevance and reliability of all proffered expert testimony.  *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)).  Rule 702 grants the trial judge broad discretion in deciding reliability.  *Id.* at 152.  Generally, to be considered reliable, the expert's proposed testimony must be based on more than a subjective belief or unsupported speculation.  *Daubert*, 509 U.S. at 590.  While the United States Supreme Court in *Daubert*, 509

U.S. at 592-594, established basic standards by which courts may assess reliability, the Court here need not reach those factors as Dr. McDonald's description of the proposed benchmark evinces the speculative and subjective nature of that proposed benchmark.[1]

In his Rule 26 report, Dr. McDonald states that "[t]his present value calculation of a hypothetical annual dollar per year over the plaintiff's life expectancy has no connection to the value of life studies discussed previously, and is a separate, distinct, and alternative guideline to the trier of fact in the trier of fact's own determination of loss of enjoyment of life damages." Dr. McDonald's Rule 26 Report at 4, n.10 (Defendant's Motion, Ex. B). Much of Dr. McDonald's report focuses on the various studies concerning the value of a statistical life studies and the valuation figures contained therein. *Id*. The brief discussion of the proposed benchmark figure is intermingled with the discussion of the statistical life studies despite having "no connection" to them. The report contains no apparent discussion of how Dr. McDonald generated the proposed benchmark figure or any citation to credible sources that support such a figure. As such, the basis of the benchmark figure appears largely arbitrary. Although the Plaintiffs contend that the figure would help simplify the Court's calculation of any potential hedonic damages, the Court sees no use for a benchmark figure when a simple mathematical formula would suffice. Accordingly, the Plaintiffs have failed to persuade the Court that it should adopt this figure as an alternative guideline for calculating any potential hedonic damages.

---

[1] The *Daubert* test of reliability is flexible and neither necessarily nor exclusively applies to all experts in every case, meaning that the specific factors should only be considered when they are relevant and meaningful measures of the reliability of the expert witness testimony in question. *Kumho*, 526 U.S. at 141, 152. Here, Dr. McDonald's proposed testimony does not comport with the basic definition of knowledge provided in *Daubert*, 509 U.S. at 590, and therefore does not necessitate a full analysis of each of the *Daubert* factors.

Case 1:06-cv-00412-JAP-KBM   Document 43   Filed 06/07/07   Page 4 of 4

The Plaintiffs also have offered no binding legal authority suggesting that Dr. McDonald's proposed testimony in this regard is proper.  However, the weight of authority within this Court appears to favor excluding testimony concerning a hypothetical benchmark.  Notably, the Honorable District Judge William Johnson in *Myers v. Williams Manufacturing*, *Inc.*, Civ. No. 02-157 WJ/ACT, precluded Dr. McDonald from testifying about hedonic damages using a $10,000 benchmark.  Similarly, the Honorable Magistrate Judge Richard Puglisi in *Raigosa v. Roadtex Transportation Corp.*, Civ. No. 04-0305 RLP/WDS, held that the economics expert could not testifying as to either aggregate or benchmark dollar values in determining hedonic damages.  Accordingly, the Court will follow Judge Johnson's and Judge Puglisi's approaches and preclude Dr. McDonald from testifying about hedonic damages using any hypothetical benchmark.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Preclude Testimony by Plaintiffs' Economic Expert Regarding Computation of Hedonic Damages, and Supporting Memorandum of Law (Doc. No. 33) is **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE